IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PORT AUTHORITY OF ALLEGHENY )<br>COUNTY, )<br>)<br>Defendant. ) | 2:06cv414<br>Electronic Filing |

## MEMORANDUM AND ORDER OF COURT

Proceeding <u>pro se</u>, plaintiff commenced this action on March 30, 2006, seeking redress for alleged unlawful termination of employment in violation of the Family Medical Leave Act, the Americans with Disabilities Act and Title VII of the Civil Rights Act. Defendant filed a motion to dismiss on August 21, 2006, arguing that plaintiff's action was untimely because it was filed more than ninety days after she received a right to sue letter from the Equal Employment Opportunity Commission. The court ordered plaintiff to file a response in opposition to the motion on or before September 21, 2006. Plaintiff failed to respond or otherwise seek a continuance of her response date. On October 4, 2006, the court entered an order indicating plaintiff had failed to file a response or brief in opposition to defendant's motion to dismiss on or before September 21, 2006, and directing her to "file a response and brief in opposition to defendant's motion on or before **October 23, 2006**." <u>See</u> Order of October 4, 2006 (Doc. No. 8). The order further advised plaintiff:

> **The failure to file a response and brief in opposition to defendant's motion to dismiss will result in appropriate sanctions, including granting defendant's motion and dismissing the case for the reasons stated in defendant's motion and/or for failure to prosecute in a timely manner.**

<u>Id.</u> Plaintiff did not file a response or brief as directed. Instead, she filed a motion requesting an open-ended continuance of her briefing due date, indicating that she is a full time worker and head of household over three dependents and must do legal research on her own. She further indicated that she had not been served with a copy of defendant's motion and brief "as stated in

[its] electronic filing by Christopher J. Hess, chess@portauthority.org.."[1]

Over three months have passed since plaintiff moved to continue her response date and over four months since her original response date. Notwithstanding that inordinate amount of time, she has yet to file a response/brief in opposition to defendant's motion. Furthermore, defendant has raised a valid basis for dismissing plaintiff's complaint. After careful consideration of the pertinent factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the following order is entered:

## ORDER

AND NOW, this 25 day of January, 2007, for the reasons set forth above, IT IS ORDERED that defendant's motion to dismiss [Doc. No. 5] be, and the same hereby is, granted; and

IT FURTHER IS ORDERED that in the alternative the action be, and the same hereby is, dismissed for failure to prosecute in a timely manner.

David Stewart Cercone
United States District Judge

cc:   Denise Taylor
      5016 Bocktown Road
      Aliquippa, PA 15001

      Christopher J. Hess, Esquire
      Port Authority of Allegheny County
      345 Sixth Avenue, 3rd Floor
      Pittsburgh, PA 15222

---

1. Of course, in the actual absence of service plaintiff would have had to access the court's electronic case filing and electronic case management system to know that defendant filed a certificate of service with its motion and brief. See Certificate of Service with Motion to Dismiss (Doc. No. 5) at p. 2. Such access defeats any argument that plaintiff did not have access to the appropriate materials in order to formulate an appropriate response/brief in opposition.

2